IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERRIJANA BARFIELD-PEAK,<br><br>    Plaintiff,<br><br>  vs.<br><br>ANGIE RUDOLPH,<br><br>    Defendant. | **8:24CV59**<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the Court on the Complaint, Filing No. 1, and Motion for Leave to Proceed in Forma Pauperis, Filing No. 2, filed by Plaintiff Terrijana Barfield-Peak on February 14, 2024. Upon review of Plaintiff's IFP Motion, the Court finds that Plaintiff, a nonprisoner, is financially eligible to proceed in forma pauperis. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I. SUMMARY OF COMPLAINT**

  Plaintiff sues Defendant Angie Rudolph who is alleged to be "Judge Benson's bailiff," alleging that when Plaintiff called Rudolph on or about January 11, 2024, to inquire about Plaintiff's scheduled court hearing for the following day, "Rudolph was angry, rude, [and] unprofessional." Filing No. 1 at 1 (spelling corrected). In response to Plaintiff's question about what time court was scheduled for the next day, "Rudolph said, 'There is no court tomorrow, it's been dismissed.'" *Id*. at 2. Plaintiff was discussing what Rudolph said with her mother and Plaintiff's mother "asked out loud why didn't [Plaintiff] get a notice." *Id*. Rudolph then stated she would only speak to Plaintiff and that Plaintiff did not have court the next day. Rudolph "then hung up in [Plaintiff's] face

as if [her] case did not matter." Id. Plaintiff references her state court case number, CI22-9407, in her Complaint. Id. The Court takes judicial notice that Plaintiff filed Case No. CI22-9407 in the District Court of Douglas County, Nebraska, on December 7, 2022; Judge Katie L. Benson is the assigned judge; and the case currently appears to be pending on appeal.[1]

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

---

[1] The Court takes judicial notice of the state court records in *Terrijana Peak v. Thurman Cotton*, Case No. CI22-9407, District Court of Douglas County, Nebraska. See *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

2

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. ANALYSIS OF COMPLAINT

Plaintiff captions her Complaint as one brought pursuant to the "Ku Klux Klan Act," Filing No. 1 at 1, which the Court assumes refers to a civil rights action under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). For the reasons that follow, Plaintiff's Complaint fails to state a § 1983 claim upon which relief may be granted.

Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). While complaints filed by pro se litigants are held

to less stringent standards than those applied to formal pleadings drafted by lawyers, *see* Haines v. Kerner, 404 U.S. 519, 520 (1972), even pro se litigants must comply with the Federal Rules of Civil Procedure. Here, Plaintiff's Complaint fails to meet this minimal pleading standard.

First, Plaintiff's Complaint does not specify the relief she seeks. *See* Filing No. 1. Complaints filed in federal court must contain "a demand for the relief sought." Fed. R. Civ. P. 8(a)(3). Accordingly, this matter may not proceed on Plaintiff's current Complaint.

Moreover, even construed liberally, the Court cannot identify any federal statutory or constitutional provision that would give rise to a plausible claim for relief against Rudolph based on the facts alleged. Plaintiff's Complaint alleges only that Rudolph was rude and unhelpful to Plaintiff over the phone. These allegations do not state sufficient facts to provide fair notice of the nature and basis or grounds for any claims over which this Court would have jurisdiction. In any case, "being rude and unhelpful . . . does not amount to a constitutional violation." Guy v. Carson, No. 220CV01581DDPSHK, 2020 WL 3884904, at *9 (C.D. Cal. June 22, 2020), *report and recommendation adopted*, No. 220CV01581DDPSHK, 2023 WL 3604316 (C.D. Cal. May 23, 2023) (citing Entler v. McKinney, No. CV-06-5006-JPH, 2008 WL 544870, at *1 (E.D. Wash. Feb. 26, 2008) (concluding plaintiff's allegations that defendant was "rude, intimidating, and aggressive" failed to establish a constitutional violation)); *see also* Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987) ("Verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." (internal quotation marks omitted)); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir.1985) (name calling and verbal threats are not constitutional violations cognizable under § 1983).

Plaintiff's Complaint fails to state a claim for relief and is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff will not be granted leave to amend her Complaint because such amendment would be futile. *See Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719-20 (8th Cir. 2014) (district courts can deny motions to amend when such amendments would be futile, such as claims that are frivolous or could not withstand a 12(b)(6) motion to dismiss).

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis, Filing No. 2, is granted, and the Complaint shall be filed without payment of fees.

2. Plaintiff's Complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted.

3. A separate judgment will be entered.

Dated this 28th day of February, 2024.

BY THE COURT:

*(signature)*

Joseph F. Bataillon
Senior United States District Judge